```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

LEROY BASKIN, individually and as legal guardians of LeSjuantavius Baskin and Melissa Baskin, minor children, JOYCE BASKIN, individually and as legal guardians of LeSujuantavius Baskin and Melissa Baskin, minor children,

                Plaintiffs,

vs.                      Case No.  2:07-cv-710-FtM-29DNF

MCGREGOR BAPTIST CHURCH, INC., doing business as Southwest Florida Christian Academy,

                Defendant.

_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant's Motion to Dismiss Count II of Plaintiffs' Complaint (Doc. #9), filed on November 12, 2008.  Plaintiffs filed a Memorandum of Legal Authorities in Opposition (Doc. #10) on November 26, 2008.  For the reasons set forth below, the Court will grant the motion.

**I.**

    In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff.  <u>Erickson v. Pardus</u>, 127 S. Ct. 2197 (2007); <u>Christopher v. Harbury</u>, 536 U.S. 403, 406 (2002).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain

statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)(citing FED. R. CIV. P. 8). See also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citations omitted); Erickson v. Pardus, 127 S. Ct at 2200; Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005).

**II.**

Count II alleges a claim of intentional infliction of severe emotional distress under Florida law. Plaintiff African American parents allege that their 16 year old son and 9 year old daughter were enrolled in Southwest Florida Christian Academy, a private school run by McGregor Baptist Church, Inc. in Fort Myers, Florida. During the school day, their son and other male students discussed current events involving violence in schools and the use of weapons, without expressing an intent to use the weapons. Based upon this conversation their son was suspended from school, but none of the other boys (most of whom are white) were disciplined. The next day, the Southwest Florida Christian Academy informed the parents that their daughter was expelled from school based on a statement made to white girls at school which upset the girls. Plaintiffs state that Halloween stories were being told and that no other girls were disciplined based on these stories. Plaintiffs allege that their son became ill and is receiving counseling for the illness caused by the suspension and actions of Southwest

Florida Christian Academy. The parents also assert that the children could not be re-enrolled into another school for at least two weeks. Plaintiffs allege that the conduct of the employees at Southwest Florida Christian Academy was intentional or reckless, outrageous and beyond all bounds of decency, odious and utterly intolerable in a civilized community, and the legal cause of the severe emotional distress suffered by plaintiffs.

Defendant seeks dismissal of Count II on the ground that even if the facts are assumed to be true, the conduct was not "outrageous" within the meaning of Florida law. The Court agrees.

**III.**

Under Florida law, the tort of intentional infliction of emotional distress requires that the conduct be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Metropolitan Life Ins. Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985). See also Gallogly v. Rodriguez, 970 So. 2d 470, 471 (Fla. 2d DCA 2007). The subjective response to the conduct does not control, but the conduct must be evaluated on an objective basis. McCarson, 467 So. 2d at 278-79. Whether the alleged conduct satisfies this high standard is a legal question "for the court to decide as a matter of law." Vance v. Southern Bell Tel. & Tel. Co., 983 F.2d 1573, 1575 n.7 (11th Cir. 1993)(quoting Baker v. Florida Nat'l Bank, 559 So. 2d 284, 287 (Fla. 4th DCA 1990)).

Taken in a light most favorable to plaintiffs, the Complaint alleges that plaintiffs' African American minor children were suspended/expelled from private school based upon either false or exaggerated information, and white school children who participated in the same events were not disciplined. While other causes of action cover such discrimination, this fails to allege conduct which is sufficiently outrageous under Florida law to satisfy the element of intentional infliction of emotional distress. E.g., Williams v. Worldwide Flight Servs., Inc., 877 So. 2d 869, 870-71 (Fla. 3d DCA 2004)(constant use of derogatory racial terms, threats, and false accusations failed to state cause of action for intentional infliction of emotional distress); Lay v. Roux Laboratories, Inc., 379 So. 2d 451, 452 (Fla. 1st DCA 1980)(same); Valdes v. Gab Robins N. Am., Inc., 924 So. 2d 862, 866 (Fla. 3d DCA 2006)(investigating and then making false statements to state agency which lead to plaintiff's arrest was "not the type of conduct that is so outrageous in character and extreme in degree as to go beyond the bounds of decency and be deemed utterly intolerable in a civilized society."), review denied, 949 So. 2d 200 (Fla. 2007); Koutsouradis v. Delta Air Lines, Inc., 427 F.3d 1339, 1345 (11th Cir. 2005)(insults and indignities do not support claim for intentional infliction of emotional distress); Gonzalez-Jimenez de Ruiz v. United States, 378 F.3d 1229, 1231 (11th Cir. 2004)(deception regarding father's terminal medical condition, failure to provide family with reasonable access to father during

his illness, failure to inform family of father's death, providing substandard medical care, and delay in transporting remains failed to state a claim of intentional infliction of emotional distress.); Legrande v. Emmanuel, 889 So. 2d 991, 995 (Fla. 3d DCA 2004)(clergyman falsely branded a thief in front of parishioners failed to state claim of intentional infliction of emotional distress).

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss Count II of Plaintiffs' Complaint (Doc. #9) is **GRANTED** and Count II is dismissed.

**DONE AND ORDERED** at Fort Myers, Florida, this   30th   day of April, 2008.

JOHN E. STEELE
United States District Judge


Copies:
Counsel of record